STATE, EX REL., ETC., v. G. T. HAMILTON.

1. PUBLIC SCHOOLS.  *Separate district; how created.  Laws 1886, p. 64.*

To constitute a town of over 750 inhabitants a separate school-district under the public school law of 1886 (Laws, p. 64, § 42), it is only necessary for the board of mayor and aldermen to so elect and declare.

2. SAME.  *Levy of additional tax.*

The levy of the additional tax required by said section is not essential to the creation of the separate school-district or to its continued existence.

3. SAME.  *Tuition of pupils outside the district.*

The words "pro rata cost of tuition" which, by section 45 of said act the county is required to pay the separate school-district, is such proportionate part of the entire cost of tuition in the separate district as the number of outside pupils bears to the number of pupils attending school therein.

FROM the circuit court of Holmes county.
HON. C. H. CAMPBELL, Judge.

Mandamus to compel G. T. Hamilton, superintendent of education of Holmes county, to issue pay-certificates to the treasurer of the town of Durant, in said county, claimed to be due by the county to said town for the pro rata cost of tuition of children living outside of the town, who had attended school within it.  The petition alleges that Durant had a population of more than 750, and had been declared a separate school-district by its board of mayor and aldermen, and that the public schools of said separate school-district, during the usual free-school term, were attended by a large number of educable children from the county outside of the town.  The number so attending is stated, and also the total number of pupils attending during the said term, and the total cost of tuition for each pupil during said time.  The petition further alleges that the county superintendent has issued his pay-certificates for a part of the amount due by

the county to the town, but refuses to issue certificates for the balance, wherefore a writ of mandamus is sought.

A demurrer to the petition was overruled, whereupon several pleas were filed, to which demurrers were sustained, and the cause proceeded to trial upon the general denial. The points mainly pressed by the defense were, (1) that the town of Durant had never legally become a separate school-district, because its authorities had failed to levy the tax needed to maintain the schools for three months in addition to the constitutional period of four months; (2) that, if the town became a separate school-district, it was not entitled to the amount claimed. The latter question involves merely a construction of section 45 of the school-law of 1886, quoted in the opinion, and it is not necessary to set out the controverted evidence and calculations.

Section 42 of said act (Laws 1886, p. 64) is as follows: "Any incorporated town of 750 or more inhabitants may constitute a separate school-district, if the mayor and aldermen so elect, and levy a tax each year sufficient to run its public school at least three months besides the constitutional period of four months."

The court granted a peremptory instruction for the defendant. Judgment accordingly, and the relator appeals.

*Hooker & Wilson* and *J. Weiner*, for appellant.

1. Levying the additional tax is not a prerequisite to creating the town a separate school-district. Conceding it is mandatory to run the schools seven months, it does not follow that the town must levy an annual tax, for it might have other sources of income. The town is only required to levy such taxes "as may be necessary" to maintain the schools. Laws 1886, p. 72, § 76.

2. The language of section 45 of the act of 1886 is free from ambiguity. The proportion of the entire cost of tuition which the county must pay, is the proportion which the number of pupils from the outside territory, during the free-

school term, bears to the whole number of pupils attending the schools in the district.

*W. P. Tacket* and *J. E. Gwin*, for appellee.

The essential thing to constitute Durant a separate school-district was the levy of the additional tax. Something more than the mere declaration of the authorities that the town is a separate district. That something was the levy of the tax. It is shown that the town did not have money from other sources than the tax to run the schools more than four months.

WOODS, J., delivered the opinion of the court.

1. It is not disputed that the municipal authorities of the town of Durant, by appropriate action, have elected to constitute that town a separate school-district; but it is contended for appellee that a failure to levy a tax by that municipality sufficient in amount to carry on free public schools in the town, each year, for three months over and above the constitutional school-term in the common schools generally, is a thing necessary to be done to constitute a separate school-district.

The incorporated town of 750 inhabitants or more, may be constituted a separate school-district at the pleasure of the town authorities. Whenever the town authorities officially elect to accept the privileges and duties of a separate school-district, the work is done. The official declaration of the creation of the separate school-district is the one act essential to its constitution.

The levy of a tax sufficient to maintain the free public schools in such town is a duty imposed upon the municipality, whose observance may be compelled in proper cases by appropriate remedies. But this observance of a duty imposed is not essential to the creation or continued existence of the separate school-district. The tax for the maintenance of free public schools in the separate district is to be laid and collected only when necessary to maintain such schools. If by

any means such schools may be maintained without the levy of a tax, then no duty rests upon the town to make the levy. If a levy is necessary during any year to maintain the schools in the separate school-district in towns of 750 inhabitants or more, and the town authorities neglect or refuse to make one sufficient to that end, they may be compelled to do so by proper legal proceedings. This view appears clear when sections 42 and 76 of chapter 24, acts of 1886, are read together.

2. The remaining question is, what sum or amount shall be paid by the county for the tuition of educable children who attend the schools of a separate school-district, such children not residing in such separate school-district? Section 45 of the act of the legislature just referred to herein, declares that "educable children may attend the school of any such separate school-district in that county, and the county shall pay, during its free-school term, the actual pro rata cost of tuition for all such pupils. In no other cases shall pupils attend a free school out of their district unless said school be in their county."

It is to be observed that this statute is designed for the benefit of educable children of the county outside the separate school-district. It entitles them to attend the free public schools of the separate school-district, with or without the consent of authorities in the separate district. Such educable children of the county are not burdened with the taxes for erection and repairs and furniture of school-buildings in the separate school-district, nor do they contribute to the tax-fund for fuel and other necessaries for the free public schools of such separate district. On these very favorable terms it is the right of educable children of the county who reside outside the separate school-district to enter and appropriate and enjoy the advantages of schools in such separate district on conditions more favorable than those enjoyed by the children of the separate district, for they pay no tax to build the school-houses, to furnish them, to heat them, or to secure other necessaries.

The single condition annexed to the admission of the children from the county outside of the separate school-district to its free public schools is the payment by the county of what is termed by the forty-fifth section "the actual pro rata cost of tuition for all such children." This must be held to mean such proportionate part of the entire cost of tuition in the separate school-district as the number of outside pupils bears to the whole number of scholars attending such schools. The cost of tuition to be paid by the county for outside pupils shall bear that proportion to the entire sum expended for tuition in the schools of the separate district which the number of outside pupils bears to the total number of scholars.

The words "cost of tuition," in the clause above quoted from said forty-fifth section, plainly refer to the cost of tuition in the separate school-district, and not to the cost in the county at large.

The construction of the statute which we have given will alone satisfy its language, in our opinion.

*Reversed and remanded.*